1
2
3
4
5
6

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7
8

| | |
|---|---|
| MARY JAMES, an individual, | NO.  2:22-CV-1473 |
| Plaintiff, | |
| - vs - | |
| CRUISEPORT CURAÇAO CV, a Curaçao general partnership; HOLLAND AMERICA LINE NV, LLC, a Curaçao corporation, individually and as a general partner of Cruiseport Curaçao CV; HOLLAND AMERICA LINE NV, a Curaçao corporation, individually and as a general partner of Cruiseport Curaçao CV; HOLLAND AMERICA LINE – USA, INC., a Delaware corporation; and HOLLAND AMERICA LINE, INC., a Washington corporation, | COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES **JURY DEMAND** |
| Defendants. | |

9
10
11
12
13
14
15
16
17
18
19
20

COMES NOW Mary James and, for cause of action against defendants, states and alleges

21

on information and belief as follows:

22

**PLAINTIFFS**

23

At all relevant times:

24

1.      Mary James lived in Riverside County, California and was a California resident

25

and fare-paying passengers onboard the cruise vessel M/S ZUIDERDAM ("ZUIDERDAM").

26

////

27

FURY
DUARTE PS
TRIAL LAWYERS

1606 148th Avenue SE
Suite # 200
Bellevue, WA 98007
T: (425) 643-1606
F: (425) 643-2606

**DEFENDANTS**

At all relevant times:

2.     Cruiseport Curaçao, CV ("Cruiseport CV") was a Curaçao general partnership. It was ZUIDERDAM's owner, operator, and/or charterer.

3.     Holland America Line NV, LLC ("HAL LLC") was a Curaçao entity. It was a Cruiseport CV general partner and was ZUIDERDAM's owner, operator, and/or charterer.

4.     Holland America Line NV ("HAL NV") was a Curaçao corporation. It was a Cruiseport CV general partner and was ZUIDERDAM's owner, operator, and/or charterer.

5.     Holland America Line–USA ("HAL US") was a Delaware corporation with its principal place of business in King County, Washington. It was Cruiseport CV's, HAL LLC's, and/or HAL NV's agent.

6.     Holland America Line Inc. ("HAL Washington") was a Washington corporation with its principal place of business in King County, Washington. It was Cruiseport CV's, HAL LLC's, and/or HAL NV's agent.

**JURISDICTION AND VENUE**

7.     The Court has subject-matter jurisdiction under 28 USC § 1332. The amount in controversy exceeds $75,000, exclusive of interest/costs, and there exists complete diversity of citizenship between James (California) and HAL LLC (Curaçao), HAL NV (Curaçao), HAL US (Washington), and HAL Washington (Washington).

8.     This Court has personal jurisdiction over defendants.

9.     Venue is proper in this District pursuant to 28 USC § 1391(b) and (c) because defendants are subject to the Court's personal jurisdiction and, thus, reside in this District.

**FACTS**

10.     James entered a contract of carriage with one or more of the defendants for the purpose of a passenger cruise onboard ZUIDERDAM.

FURY
DUARTE PS
TRIAL LAWYERS

1606 148th Avenue SE
Suite # 200
Bellevue, WA 98007
T: (425) 643-1606
F: (425) 643-2606

11.     The cruise began January 30, 2022 in San Diego, California and ended February 13, 2022 in Fort Lauderdale, Florida.

12.     On February 12, 2022, James suffered serious injuries when she slipped on one of the vessel's sporting court surfaces while playing pickleball.

13.     The particular spot on the court on which James slipped was unexpectedly and unreasonably slick; this caught James off guard and caused her to involuntarily "do the splits" as her foot and leg slipped from underneath her.

14.     Among other injuries, James suffered a complete/near complete tear of the left proximal hamstring muscle complex at the ischial attachment and a tear of the right proximal hamstring muscle complex at the ischial attachment.

15.     On information and belief, defendants knew or should have known the sporting court surface was slippery and/or had a slippery area and presented an unreasonably dangerous condition for passengers. Defendants completed an investigation of James' fall and created an accident report, both in the ordinary course of business. Defendants are well aware of the facts and circumstances of James' fall and injury from the investigation and report. The report will be discoverable in this action; nevertheless, defendants have refused to provide the report.

### CAUSE OF ACTION

16.     Plaintiff realleges Paragraph 1-15.

17.     Defendants owed a duty to exercise reasonable care for the safety of passengers, including, but not limited to, a duty to maintain the vessel in a reasonably safe condition and to warn passengers of dangerous conditions.

18.     Defendants breached their duty to plaintiffs. Defendants' breaches include, but are not limited to:

18.1.   On information and belief, defendants knew or should have known the area of the sporting surface in which James slipped was unreasonably dangerous before James' fall and failed to remedy the dangerous condition.

Plaintiff's Complaint For Damages
(Cause No. 2:22-CV-1473) - 3 of 5

**FURY DUARTE** PS
TRIAL LAWYERS

1606 148th Avenue SE
Suite # 200
Bellevue, WA 98007
T: (425) 643-1606
F: (425) 643-2606

18.2.   On information and belief, defendants knew or should have known the area of the sporting surface in which James slipped was unreasonably dangerous before James' fall and failed to warn her and other passengers of the dangerous condition.

18.3.   Defendants failed to maintain the passenger area in which James fell in a reasonably safe condition.

19.   James suffered serious injuries as a direct and proximate result of defendants' negligence. The full extent of these injuries has not yet been determined.

## DAMAGES

20.   As both a direct and proximate result of defendants' negligence, James incurred reasonable and necessary medical and health-care expenses, including, but not limited to, costs and charges for physicians, surgeons, drugs and medications, hospital and facility use, physical therapy, and other past and future medical and health care. She will continue to incur like expenses in the future in an unknown amount.

21.   As both a direct and proximate result of defendants' negligence, James incurred miscellaneous out-of-pocket expenses in connection with transportation to obtain reasonable and necessary health care and other miscellaneous costs.

22.   As both a direct and proximate result of defendants' negligence, James suffered mental and physical pain and suffering, loss of ability to enjoy life, and disability, and will with reasonable certainty experience such injuries/damages in the future. All her general damages are continuing in nature and result in permanent injury and damage.

## JURY DEMAND

23.   Pursuant to Federal Rule of Civil Procedure 38(b), plaintiff demands a trial by jury as to all issues so triable in this action.

## REQUEST FOR RELIEF

**WHEREFORE**, plaintiff requests that the Court enter judgment against all the defendants, jointly and severally, as follows:

FURY
DUARTE PS
TRIAL LAWYERS

1606 148th Avenue SE
Suite # 200
Bellevue, WA 98007
T: (425) 643-1606
F: (425) 643-2606

A.      For money judgment in such sum as will fully and fairly compensate plaintiff for her injuries, general damages, special damages, including pre-judgment interest, all other damages to be proven at trial, and attorney fees, costs and disbursements; and

B.      For such other relief as the Court deems just and proper.

**DATED** this 18th day of October, 2022.

FURY DUARTE PS

SCOTT DAVID SMITH, WSBA 48108
FRANCISCO A. DUARTE, WSBA 24056
*Attorneys for Plaintiff*

Plaintiff's Complaint For Damages
(Cause No. 2:22-CV-1473) - 5 of 5

FURY
DUARTE PS
TRIAL LAWYERS

1606 148th Avenue SE
Suite # 200
Bellevue, WA 98007
T: (425) 643-1606
F: (425) 643-2606